**DENY; and Opinion Filed June 20, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00656-CV

### IN RE BASIL BROWN, Relator

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-18247**

## MEMORANDUM OPINION
Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

Relator Basil Brown is a vexatious litigant subject to a prefiling order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a). Brown is the plaintiff in the underlying proceeding. On February 22, 2019, the trial court granted the defendant's motion to transfer venue and transferred that proceeding to Collin County, Texas. Brown requested permission from the local administrative judge to seek mandamus review of the order transferring venue to Collin County. The local administrative judge denied Brown's request by written order on May 2, 2019. In this original proceeding, Brown seeks a writ of mandamus directing the local administrative judge to vacate the May 2, 2019 order and grant Brown permission to file an original proceeding challenging the order transferring venue. We deny the petition.

The appropriate local administrative judge may grant a vexatious litigant permission to file a litigation "only if it appears to the judge that the litigation (1) has merit; and (2) has not been filed for the purposes of harassment or delay." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d).

The denial of permission to file a litigation is not an appealable order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f). A vexatious litigant subject to a prefiling order who is denied permission to file a litigation may apply for a writ of mandamus within thirty days of the decision. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f). Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Here, Brown has not provided this Court with a copy of the "Request for Permission to File Writ of Mandamus" that he filed with the local administrative judge. As such, we cannot determine whether the local administrative judge had information before him to show that Brown's proposed mandamus proceeding had merit and was not filed for the purposes of harassment or delay. Under this record, we conclude the local administrative judge did not abuse his discretion by denying permission to appeal. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Pedersen, III/
—————————————————————
BILL PEDERSEN, III
JUSTICE

190656F.P05